**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

FORTIS ADVISORS LLC, as Stockholder )
Representative of Former Jennerex Inc. )
Stockholders, )
            )
        Plaintiff, )
            )
       v. )     C.A. No.: N18C-09-127 EMD CCLD
            )
SILLAJEN, INC., )
            )
        Defendant. )
            )
            )
            )

Submitted:  April 30, 2019
Decided:  July 25, 2019

*Upon Defendant's Motion to Dismiss*
***GRANTED in part and DENIED in part***

Upon consideration of Defendant Sillajen, Inc.'s Motion to Dismiss the Complaint (the "Motion") filed by Defendant Sillajen, Inc. ("Sillajen"); Plaintiff Fortis Advisors LLC's Answering Brief in Opposition to Defendant's Opening Brief in Support of Its Motion to Dismiss (the "Opposition") filed by Plaintiff Fortis Advisors LLC ("Fortis"); Defendant Sillajen, Inc.'s Reply Brief in Further Support of Its Motion to Dismiss (the "Reply") filed by Sillajen; Plaintiff Fortis Advisors LLC's Complaint Against Defendant Sillajen, Inc. (the "Complaint"); the arguments made in support of the Motion, the Opposition and the Reply at the April 30, 2019 hearing (the "Hearing") held by the Court; of the official transcript of the Hearing filed on May 29, 2019; and the entire record of this civil action,

1.      The Complaint asserts causes of action for: (i) Breach of Contract (Failure to Make Second Milestone Payment) (Count I); (ii) Breach of Contract (Failure to Make Third Milestone Payment) (Count II); (iii) Breach of Contract (Failure to Make Fourth Milestone

Payment) (Count III); (iv) Breach of Contract (Action to Avoid or Delay Milestone Payment)(Count IV); and (v) Delaware's Bad Faith Exception to the American Rule (Fee-Shifting)(Count V). The Complaint is 91 pages long and contains 243 allegations.

2. The Motion seeks relief under Superior Court Civil Rule 12(b)(6). The Motion contends, in essence, that Counts I, II and III must dismissed because the facts, as applied to the express terms of the Merger Agreement, do not support breach of contract claims. Sillajen further contends that Count IV should be dismissed because (i) it is time barred or (ii) makes only conclusory allegations. Finally, Sillajen argues that Count V should be dismissed because Delaware law awards non-statutory, non-contractual attorneys' fees "almost exclusively for litigation conduct."

3. Fortis opposes the Motion. Fortis states that the Complaint makes the requisite factual allegations to support Counts I-III. In addition, Fortis contends that Court IV properly pleads a claim under Section 2.14(g)(ii) of the Merger Agreement which forbids Sillajen from taking action or failing to act with the purpose of avoiding or delaying a Milestone Payment. Fortis also argues that Count IV is not time barred und the Time of Discovery doctrine. Finally, Fortis claims that the Complaint sufficiently pleads Delaware's "Bad Faith Exception" to the American rule for fees.

4. As an initial matter, the Court will **GRANT** the Motion as it relates to Count V. Delaware follows the "American Rule." [1] Under the American Rule, a prevailing party is generally expected to pay its own attorney's fees and costs. [2] Delaware courts have recognized limited equitable exceptions to the American Rule, including the exception for "bad faith"

---

[1] *See, e.g., Montgomery Cellular Holding Co. v. Dobler,* 880 A.2d 206, 227-28 (Del. 2005).
[2] *See Goodrich v. E.F. Hutton Group, Inc.*, 681 A.2d 1039, 1043 (Del. 1998).

conduct during the litigation.[3] Although there is no single, comprehensive definition of "bad faith" that will justify a fee-shifting award, Delaware courts have previously awarded attorneys' fees where a party has unnecessarily prolonged or delayed litigation, falsified records or knowingly asserted frivolous claims.[4] As stated in *Dobler*, "the bad faith exception is applied in 'extraordinary circumstances' as a tool to deter abusive litigation and to protect the integrity of the judicial process.[5] The Complaint fails, beyond conclusory allegations, to state a "cause of action" for attorneys' fees. As it is entitled, the Court will—upon later application of either party—shift attorneys' fees if the factual and litigation record supports a claim that a party has engaged in "abusive litigation" that impeded upon the integrity of the judicial process.

5. Upon a motion to dismiss under Civil Rule 12(b)(6), the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[6] However, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[7]

6. While the Court understands Sillajen's arguments, the Court finds that—at this stage of the proceedings—Fortis has presented a well-plead Complaint as to Counts I-IV. For example, Sillajen's arguments for dismissal rely on dictionary meanings of "on behalf of" as it relates to the conduct of Sillajen and certain third-parties. Among other arguments, Sillajen

---

[3] *See Dobler*, 880 A.2d at 227.
[4] *Id.*
[5] *Id.*
[6] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy,* No. 09C-09-136, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[7] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).

3

mostly contends that these third parties acted on their own behalf and not on behalf of Sillajen. The Complaint alleges facts that support a contrary conclusion. It is too soon in the proceedings for the Court to rule, as a matter of law that Fortis would not be entitled to recover under any reasonable conceivable set of circumstances, and this includes a ruling on whether Count IV is time-barred. Moreover, the Court cannot find that the lengthy and detailed Complaint makes conclusory allegations in support of Counts I-IV.

7. Ultimately, the Court believes it would be premature to make the ruling requested by Sillajen and to dismiss Counts I-IV. Sillajen and Fortis are well represented and made strong arguments for and against dismissal under Civil Rule 12(b)(6); however, the Court finds that it is too early to dismiss Count I-IV as those counts are alleged in the Complaint.

8. For the reasons set forth at the Hearing and herein, the Motion is **DENIED** with respect to Counts I-IV. Dated:

July 25, 2019
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

4